IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G. W. RENNELS,

    Petitioner,     No. CIV S-10-0755 LKK GGH (TEMP) P

  vs.

G. SWARTHOUT, et al.,

    Respondents.     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the September 10, 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

    On February 2, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 862-63 (2011) (per curiam).

    The parties have timely filed briefing, yet for the reasons set forth in the prior order, it appears there is no federal due process requirement for a "some evidence" review, thus

/////

1

the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[1]

In certain respects, petitioner does not directly claim that the evidence relied upon by the BPH, and later the state courts, was not sufficiently "some evidence" on which to base the finding of future dangerousness.  Rather, he points to certain factors set forth in the regulations ostensibly guiding the parole commissioners in arriving at that determination with respect to dangerousness, and declares those factors "unconstitutionally vague."  See 15 CCR 2402(c), (d).  For example, petitioner claims that the factors regarding realistic parole plans, or psychological problems, or institutional behavior and programming, do not give the commissioners sufficient direction to arrive at an appropriate ultimate determination on dangerousness if released on parole.  The undersigned views these assertions as but a backdoor attack on the lack of "some [probative/reliable] evidence."  If a petitioner does not have the right to have the future dangerousness issue gauged by "some evidence," *a fortiori,* he does not have a right to have reviewed for vagueness the subsidiary standards used to acquire or organize that evidence.  The Supreme Court was quite explicit regarding the federal due process rights afforded California parole suitability applicants, and those rights were procedural only.  Swarthout directed the substance of the decision, and how the substance was determined, to be off limits.

Indeed, petitioner's argument would lead to circular, indeed, absurd results.  In the situation where no standards were set forth in the regulations guiding the determination of future dangerousness, the probative value and reliability of the evidence leading to the ultimate determination of dangerousness would be unreviewable under Swarthout; however, if unclear

---

[1] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint.  Nevertheless, such is the state of the law.

standards were utilized to acquire or collect the "deficient" evidence relied upon, petitioner could obtain a new hearing.  Thus, petitioner would have this court strike the standards used under California regulations as unclear, and return petitioner to the BPH for a hearing where no regulatory standards guiding dangerousness evidence are applicable (or have to be) – a certain defeat for petitioner, and certainly an ultimate outcome unreviewable by this court under Swarthout.  In other words, the BPH could rely on precisely the same "some evidence" of dangerousness utilized previously uncabined by any regulatory factors.  A fool's errand indeed.

      A review of the petition in this case demonstrates that the claims presented therein are all based, either directly or indirectly, on the assumption that the "some evidence" requirement is enforceable in this court.  Therefore, the petition should be denied.

      Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

      If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

/////
/////
/////
/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 3, 2011

                                                    /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

7  kc
   renn0755.157